UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RESHARD BENARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:04-CV-23 PS |
| | ) | |
| EDWIN BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On January 15, 2004, *pro se* petitioner, Reshard Benard, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Benard did not file a traverse.

Benard was convicted of dealing in cocaine on December 2, 2002, and sentenced to six years. Benard alleges that although he served his sentence, he is being illegally held because he was not given 1,167 days of jail credit time. The respondent argues that Benard has not exhausted state court remedies because he failed to present this issue to any state court. Accordingly, Benard is unable to seek relief in this Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Furthermore, by failing to properly challenge this claim in a state court, he has procedurally defaulted his claim in this Court. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Benard must be able to establish cause and prejudice to excuse his default in the state court. He makes no showing of cause or prejudice in his petition.

For the reasons stated, this petitioner has failed to state the basis for any claim under 28 U.S.C. §2254, and such is now **DENIED**.

**SO ORDERED**.

ENTERED: May 3, 2005

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT